825 P.2d 949

**SKARECKY & HORENSTEIN, P.A., a professional corporation, Plaintiff–Appellant,**

v.

**3605 NORTH 36TH STREET COMPANY, a California limited partnership, Defendant–Appellee.**

**No. 1 CA–CV 89–629.**

Court of Appeals of Arizona, Division 1, Department D.

Sept. 10, 1991.

Review Denied March 17, 1992.

---

Fisher & Smith by Francis P. Smith, Phoenix, for plaintiff-appellant.

Richard J. Herbert and Michael J. Wicks, Phoenix, for defendant-appellee.

## OPINION

VOSS, Presiding Judge.

In this opinion we hold that a law firm's acceptance of a client's assignment of the beneficial interest of a deed of trust, intended to secure payment of attorney's fees in a lawsuit concerning the promissory note secured by that deed of trust, does not violate the Arizona Supreme Court's ethical rules. We therefore reverse the superior court's judgment refusing to enforce the assignment.

## FACTS AND PROCEDURAL HISTORY

Charles and Fred Ward ("the Wards") retained plaintiff-appellant Skarecky & Horenstein, P.A. ("the firm") in an action to enforce a promissory note that was secured by a deed of trust. The face amount of the note was $100,000.00. To secure payment of its fees, the firm requested that the Wards execute an assignment of their beneficial interest in the deed of trust. On January 29, 1988, during the litigation, Charles Ward executed an Assignment of Deed of Trust that states:

> [T]he undersigned Beneficiary hereby grants, bargains, assigns, sells and transfers, and sets over to [the firm] his beneficial interest to the extent of all fees, costs and interest owed to [the

firm] regarding legal services provided in the litigation matter entitled Fred & Charles Ward vs. 3605 N. 36th Street Company, et al., CV 87–08735 under that certain Deed of Trust. . . .

On February 8, 1988, the firm recorded the assignment. On June 22, 1988, Fred Ward executed an identical assignment, which was recorded on June 23, 1988.

The lawsuit described in the assignment was for fraud, breach of contract and breach of fiduciary duty in connection with the sale of an apartment complex constructed by the Wards. The defendants in the suit were defendant-appellee 3605 North 36th Street Company ("the partnership"), its general partner and an investment real estate brokerage firm that had arranged the sale. The Wards also filed a supplemental complaint alleging that the partnership had failed to make payment on the $100,000.00 promissory note. The partnership answered the supplemental complaint and asserted as an affirmative defense offsets and credits against the money owed the Wards.

The Wards were unsuccessful on all counts of the original complaint. However, the superior court granted the Wards' directed verdict on the supplemental complaint for payment on the $100,000.00 promissory note, but awarded the partnership $27,635.00 in offsets.

After the judgment was entered, the firm attempted to collect on the assignment by demanding that the partnership pay $14,923.00 in attorney's fees owed to the firm by the Wards in connection with the lawsuit. After the partnership's refusal, the firm filed this action in the superior court. The partnership filed an answer and, shortly thereafter, a motion for judgment on the pleadings.

The motion contended that the assignment was unenforceable because it violated Rule 42, ER 1.8(j), Arizona Rules of the Supreme Court, prohibiting a lawyer from acquiring a proprietary interest in the subject matter of the litigation, and thus violated the state's public policy. After briefing and oral argument, the superior court

agreed and granted the partnership's motion, finding that the assignment of the beneficial interest in the deed of trust was not a lien recognized by ER 1.8(j). The firm filed a timely notice of appeal.

The firm raises the issue whether the assignment violated ER 1.8(j) when the intent was to secure payment of the firm's fees. The partnership argues that the assignment did violate the ethical rule and further argues that even if there were no violation, the firm could not bring an independent action to enforce the assignment.

## DISCUSSION

This case focuses on ER 1.8(j), which reads:

A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of the litigation the lawyer is conducting for a client, except that the lawyer may:

(1) acquire a lien granted by law to secure the lawyer's fee or expenses; and

(2) contract with a client for a reasonable contingent fee in a civil case.

The firm argues that the assignment is not a proprietary interest or, alternatively, that it operated as a lien permitted by the rule because the firm's only intent was to acquire security for the payment of its fees, not to obtain an ownership interest in the lawsuit. We agree with both arguments and hold that the assignment in this case did not create a proprietary interest and that the assignment was a legally permissible lien for payment of attorney's fees.

There is no Arizona case law on point. The firm relies on a Wyoming Supreme Court decision. In *Burk v. Burzynski*, 672 P.2d 419 (Wyo.1983), an attorney entered into an agreement with his client prior to the commencement of a suit. The agreement assigned the client's potential recovery to the attorney to secure payment of the attorney's fees in connection with the suit and other representation. The assignment contained the following clause:

This assignment is to secure the statutory attorney's lien rights of the Assign-

ee and shall be interpreted as securing and protecting such lien rights and not as an absolute conveyance.

*Id.* at 423. In an attempt to defeat the attorney's claim for fees, the client later argued that the assignment was absolute and constituted improper practice by the attorney because it transferred a proprietary interest. The Wyoming Supreme Court held that the assignment clearly and unambiguously was not absolute, but was intended solely to create a security interest in the cause of action. *Id.* As the assignment was not absolute, it did not create a proprietary interest. The court concluded that such an arrangement did not violate DR 5–103(A) of the Code of Professional Responsibility, which is similar to ER 1.8(j):

We agree that were we to hold that the writing in this case effected an absolute assignment, it might be inherently suspect and subject to invalidation. However, we see nothing wrong with an assignment which creates a security interest in specified collateral in favor of an attorney for payment of his fees.

*Id.*

Other states have reached similar conclusions. In *In re May*, 96 Idaho 858, 538 P.2d 787 (1975), an attorney accepted an assignment of his client's equity in her home while representing her in divorce proceedings that would ultimately result in the disposition of the property. The central issue in determining whether the attorney should be subject to discipline was the interpretation of the assignment. The assignment appeared absolute on its face; the parties did not include any terms or conditions in the assignment indicating it was only for security. Additionally, six weeks after the assignment, the attorney began making improvements on the property. However, the attorney testified that he regarded the transaction as one for security for his fees and expenditures on the property. The disciplinary committee concluded that the assignment was absolute and not for the purpose of obtaining a lien to secure his fees. The Idaho Supreme Court accepted the findings of the committee and suspended the attorney, but noted that the phrase "a lien granted by law to

secure his fee or expenses" would include a lien established by agreement between an attorney and his client with regard to an assignment of the client's property. *Id.* at 861 n. 2, 538 P.2d at 790 n. 2.

In *Committee on Professional Ethics and Conduct v. McCullough,* 468 N.W.2d 458 (Iowa 1991), the Iowa Supreme Court held that taking a contractual security interest to secure payment of attorney's fees does not constitute entering into a business transaction with a client in violation of DR 5–104(A). The transaction in question granted the attorney a real estate mortgage on property acquired in the litigation as security for his fees. The court further stated that DR 5–103(A) would not prohibit a lawyer from taking a security interest in property to be recovered at the inception of the attorney-client relationship unless some special circumstance existed that would affect the attorney's independent judgment. *Id.* at 461 n. 3 The court continued by stating that, under the ethical rules,

> it is not improper for a lawyer to protect his right to collect a fee for his services by the assertion of legally permissible liens, even though by doing so he may acquire an interest in the outcome of the litigation. A general prohibition against taking such security could place the lawyer at a substantial disadvantage to other creditors of the client or the owner of the property.

*Id.*

■ We draw from these cases that an attorney may acquire a contractual security interest in the subject matter of the litigation at the inception of the case. This is also clear from a reading of ER 1.8(j), which only prohibits acquiring proprietary interests. Such interests are merely liens granted by law to secure the attorney's fee. Furthermore, and most important to this case, an attorney may accept an assignment of a client's property involved in the litigation so long as it is not absolute and is limited to security for his fees. An absolute assignment would create an impermissible proprietary interest.

■ In this matter, the assignment acted only as a security device for payment of the firm's fees. The parties specifically limited the assignment to any fees, costs and interest owed to the firm as a result of the litigation. Although the firm acquired an interest in the result of the action, it did not acquire an interest in the cause of action. The Wards could still settle or release their claims without the consent of the firm or even against its advice. Furthermore, the assignment would be ineffective if the Wards simply paid the firm's bill rather than rely on the proceeds from the litigation. We conclude that the firm did not acquire a proprietary interest in an ER 1.8(j) context.

This result also reinforces, and in no way undermines, the policy supporting ER 1.8(j). Referring to DR 5–103(A), the predecessor to ER 1.8(j), the Arizona Supreme Court has stated the purpose behind the rule:

> Acquisition by a lawyer of a proprietary interest in a cause of action he is conducting for a client is expressly prohibited by DR 5–103(A), because if an attorney acquires an interest in the outcome of a suit *in addition to his fees,* it can lead to the attorney placing his own recovery ahead of his client. For example, he might urge a settlement which would be to his best interest but not to the best interest of the client. ABA, Opinions of Professional Ethics, No. 288 (1967); Arizona Ethics Opinion 76–26.

*In re Stewart,* 121 Ariz. 243, 245, 589 P.2d 886, 888 (1979) (emphasis added). Where an assignment is limited to security for fees, and thus is not absolute, an attorney acquires no interest greater than payment of his fees.

Additionally, in *National Sales & Service Co., Inc. v. Superior Court,* 136 Ariz. 544, 667 P.2d 738 (1983), in which the supreme court recognized the existence of an attorney's retaining lien on papers and other chattels of the client, the court stated:

> Attorneys and client are, of course, encouraged to negotiate and agree upon compromises over disputed fees. Compromises and provisions to secure payment which avoid the assertion of the attorney's lien rights are obviously pref-

erable to a lawsuit. *See* ABA Code of Professional Responsibility EC 2–23 (1977).

*Id.* at 546, 667 P.2d at 740.

Finally, an attorney accepting an assignment as security would be placed in a position similar to an attorney employed under a contingent fee arrangement. Both fee arrangements could arguably affect an attorney's independent judgment, but both provide greater access to legal services. Security arrangements provide attorneys with a lien that may have priority over any others that may subsequently arise during the litigation. Therefore, legal representation will be more readily available to clients with numerous creditors.

■ We also note that the assignment in this case was similar to a charging lien. A charging lien is an attorney's lien that attaches after a judgment is obtained in the litigation. *See State Farm Mutual Insurance Co. v. St. Joseph's Hospital*, 107 Ariz. 498, 501, 489 P.2d 837, 840 (1971). Only an attorney successful in the litigation will have a fund from which to recover fees. In this case, however, the lien arose prior to judgment. Even if the firm were unsuccessful, the assignment would still be extant. We believe this is a difference without a distinction. As with a charging lien, the firm in this case would only have a fund from which to collect its fees if it were successful in the suit on the note. If unsuccessful, the assignment would be worthless.

The only significant difference between a charging lien and the assignment at issue is enforcement of the interest. The partnership cites section 464, comment n to the Restatement (Second) of Agency for the proposition that an attorney may not maintain an action against a debtor as the assignee of a judgment. This statement applies to those cases in which the attorney possesses a charging lien. The partnership attempts to expand this statement by arguing that even if we find the assignment in this case to be valid, the firm cannot maintain an independent action to collect on the assignment. We disagree.

Unlike the Restatement example involving a charging lien, the firm is not attempting to bring an action based on the assignment of a judgment. The firm has a valid assignment, acquired prior to judgment as security for fees, that is enforceable in an independent action. After the litigation concluded and the Wards failed to pay their attorneys' fees, the assignment became effective. That an assignee may sue in his own name is the general rule and a well-settled legal principle. *Certified Collectors, Inc. v. Lesnick*, 116 Ariz. 601, 602, 570 P.2d 769, 770 (1977); *General Accident Fire & Life Assurance Corp. v. Little*, 103 Ariz. 435, 438, 443 P.2d 690, 693 (1968). The partnership is indebted to the Wards as a result of the judgment on the promissory note. As assignee of the beneficial interest, the firm is now entitled to bring an independent action against the partnership for payment of its claim.

## CONCLUSION

We hold that the assignment of a beneficial interest of a deed of trust, intended to secure payment of attorneys' fees, does not violate Rule 42, ER 1.8(j), Arizona Rules of the Supreme Court, which prohibits attorneys from acquiring a proprietary interest in the subject matter of the litigation. The assignment creates only a security interest, which, if the client fails to pay his attorney, is enforceable in an independent action against the debtor.

The superior court's ruling is reversed and the matter remanded for further proceedings consistent with this opinion.

McGREGOR and EUBANK, JJ., concur.