18 P.3d 152

**Charles HOLLY, an adult individual, Plaintiff–Appellant,**

v.

**STATE of Arizona, a body politic, Defendant–Appellee.**

**No. 1 CA–CV 99–0225.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 8, 2001.

Review Denied May 23, 2001.

2.   1998 Ariz. Sess. Laws, ch. 289, § 3; 1999 Ariz.   Sess. Laws, ch. 261, § 5.

Zachar & Doughty, Phoenix, by Christopher J. Zachar, Attorneys for Plaintiff–Appellant.

Janet Napolitano, Attorney General, Phoenix, by James R. Morrow, Assistant Attorney General, Attorneys for Defendant–Appellee.

## OPINION

FIDEL, Judge.

¶ 1 Under A.R.S. § 31–238(D)(1996), the State may set off the cost of incarcerating a prison inmate if the inmate recovers a damage award against the State, but the statute exempts 20 percent of the inmate's recovery from the setoff. We consider in this appeal whether the statute violates the anti-abrogation clauses of the Arizona Constitution and, if not, whether computation and deduction of the setoff precedes or follows the deduction of the inmate's attorneys' fees and costs.

### BACKGROUND

¶ 2 Plaintiff Charles Holly, an Arizona prison inmate, sued the State for personal injuries that he suffered in a fall at a prison facility. An arbitration hearing was scheduled, the State did not appear, and the arbitrator awarded Holly $18,000. Because the State had not appeared and participated in the arbitration hearing, the superior court dismissed its appeal of the arbitrator's award. *See* Ariz.R.Civ.P. 76(a). But the superior court entered judgment for Plaintiff

in the lesser amount of $3600, after granting the State an 80 percent setoff under A.R.S. § 31–238(D). From that setoff and diminished judgment, Holly timely appeals.

### DOES THE ANTI-ABROGATION CLAUSE APPLY?

¶ 3 A.R.S. § 31–238(A) requires the director of the Arizona Department of Corrections to calculate the per annum cost of incarceration for those committed to the Department. A.R.S. § 31–238(D) states:

> The State shall have the right to set off the cost of incarceration calculated under subsection A at any time and without prior notice against any claim made by or monetary obligation owed to a person for whom a cost of incarceration can be calculated, except that twenty percent of any claim or monetary obligation shall be exempt from the provisions of this section.

Holly argues that the superior court erred by applying § 31–238(D) to set off and reduce his damages award. He asserts that subsection D limits his right to recover damages for his injuries and, accordingly, violates the anti-abrogation clauses of the Arizona Constitution embodied in Article 2, § 31, and Article 18, § 6.[1]

¶ 4 The constitutionality of a statute poses a question of law and is subject to our independent review. *See Little v. All Phoenix S. Cmty. Mental Health Ctr.*, 186 Ariz. 97, 101, 919 P.2d 1368, 1372 (1996).

¶ 5 Though it may be debated whether a statutory setoff amounts to a limitation of the right to recover damages, that point need not be decided in this case. Even if we assume that such a setoff might constitute a limitation on the right to recover damages, the dispositive question is whether the anti-abrogation clauses apply to negligence actions against the State.

¶ 6 In a recent decision—one issued after the parties briefed this case—the Arizona Supreme Court resolved that question in favor of the State. *See Clouse v. Arizona Dep't of Pub. Safety*, 198 Ariz. 473, 480, 11

---

1. Article 2, section 31 provides: "No law shall be enacted in this State limiting the amount of damages to be recovered for causing the death or injury of any person." Similarly, Article 18, section 6 states: "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."

P.3d 1012, 1019, ¶ 24 (2000) (holding that a separate clause, Article 6, part 2, § 18, "authorizing the legislature to direct by law the manner in which suits may be brought against the state, confers upon the legislature a power to control actions against the state that it does not possess with regard to actions against or between private parties"); *see also id.* at 481, 11 P.3d at 1020, ¶ 30 (Feldman, J., dissenting) ("The court today holds that a right of action against the state is not protected by Article XVIII, section 6 of the Arizona Constitution. . . .").

¶ 7 Applying *Clouse,* as we must, we find the anti-abrogation clauses inapplicable to Holly's cause of action, and we reject Holly's challenge pursuant to those clauses to the constitutionality of A.R.S. § 31–238(A).

## DOES HOLLY'S ATTORNEYS' LIEN FOR FEES AND COSTS TAKE PRIORITY OVER THE STATE'S SETOFF?

■ ¶ 8 We next consider Holly's argument that his attorneys' charging lien for fees and costs takes priority over the State's entitlement to a setoff. *See Skarecky & Horenstein, P.A. v. 3605 N. 36th St. Co.,* 170 Ariz. 424, 428, 825 P.2d 949, 953 (1991) ("A charging lien is an attorney's lien that attaches after a judgment is obtained in the litigation."). The practical question is whether Holly's attorneys may deduct their reasonable fees and costs from a judgment for the full award before the State calculates and deducts its setoff from the remainder or whether the State may calculate and deduct its setoff from the full damage award before Holly's attorneys may deduct their fees and costs. The parties briefed and argued this matter in the trial court, and the trial court resolved it in the State's favor. The issue is one of statutory interpretation and is subject to our independent review. *See Gray v. Irwin,* 195 Ariz. 273, 275, ¶ 7, 987 P.2d 759, 761 (1999).

¶ 9 Section 31–238(D) does not delineate priorities among the State and other judgment creditors, and neither party cites statutory authority to establish a priority between the State's setoff claim and Holly's attorneys' charging lien.

■ ¶ 10 We find some guidance, however, in *Linder v. Lewis, Roca, Scoville & Beauchamp,* 85 Ariz. 118, 333 P.2d 286 (1958). *Linder* arose when a successful plaintiff assigned his judgment to a third party, and the plaintiff's attorney in the underlying suit "asserted a prior right to a portion of the proceeds of the judgment by virtue of an attorney's charging lien." 85 Ariz. at 122, 333 P.2d at 289. Our supreme court found for the plaintiff's attorney, stating, "His interest in [the fund consisting of the paid judgment] as the person helping create the fund is paramount and superior to the rights of other persons." 85 Ariz. at 123, 333 P.2d at 289. Here, similarly, we conclude that the law must accommodate the interest of the lawyers whose efforts created the fund.

¶ 11 We also draw guidance from *Skarecky,* 170 Ariz. at 428, 825 P.2d at 953, where this court explained that the priority afforded to attorneys' charging liens has the beneficial effect of providing greater access to legal services. The rationale of *Skarecky* is particularly compelling when we consider the chilling consequence for *meritorious* prisoners' lawsuits of holding that prisoners' attorneys must subordinate their fees to the State's setoff.

¶ 12 The State argues that the legislature has allowed the State no more than an 80% setoff, rather than a 100% setoff "so that a successful inmate Plaintiff will have the funds to pay for his attorney and the costs in obtaining the judgment." This case illustrates the flaw in the State's reasoning. Holly represented to the trial court and reiterates on appeal that, pursuant to his fee agreement with his lawyers, they are entitled to a one-third contingency fee plus costs. Although the record does not include a copy of the fee agreement, the State has not disputed the accuracy of his characterization, either in the trial court or on appeal, and we note that such a fee is typical in personal injury representation.

¶ 13 Without reviewing the fee agreement, we cannot be certain whether, if the State's setoff were given priority and deducted first, a one-third fee would be calculated on the basis of the net remainder (here $3,600) or on the basis of the gross award (here

$18,000). We can be quite certain, however, that either means of calculating a subordinated fee would be wholly chilling to a prisoner's ability to pursue a meritorious claim.

¶ 14 If such a fee were collectible only from the net judgment after the State took 80 percent of the gross, the practical contingency fee in suits like this would amount to not a third but less than 7 percent. Prisoners' suits against the State, however meritorious, face greater obstacles and a lesser chance of success than the general run of personal injury cases. The likelihood that prisoners will find representation for meritorious lawsuits for a 7 percent contingency fee is slight to nil.

¶ 15 The situation is, strangely, even worse if the fee is calculated on the gross. If the attorney is entitled to one third of the gross recovery but the State has already taken 80 percent, a successful plaintiff would end up in the hole. Holly, for example, would owe his lawyer the entire $3,600 net recovery, plus an additional $2,400 to pay the $6,000 fee, and owe his lawyer costs as well. Indeed, in such an instance, a plaintiff would be better off losing the case; at least in that event he would owe nothing but the costs.

¶ 16 The State nevertheless argues that taking 80 percent off the top of such awards will further its legitimate interest "in curbing prisoner lawsuits." This argument is extraordinary in a case that the State lost. Although the State has a legitimate interest in curbing frivolous litigation by prisoners (and by non-prisoners as well), other statutes address that concern. For example, A.R.S. § 41–1604.07(I)(1) (Supp.2000) provides for forfeiture of five days of earned release credits if a prisoner files a claim without substantial justification or solely for harassment. Arizona inmates are responsible for court fees and costs in cases such as this. *See* A.R.S. § 12–302(E) (Supp.2000). And attorneys are susceptible to sanctions for filing lawsuits that are frivolous, harassive, or groundless. *See* A.R.S. § 12–349 (1992) and Ariz.R.Civ.P. 11(a).

¶ 17 A setoff, on the other hand, will not come into play unless a prisoner's lawsuit has had sufficient merit to result in a recovery. And in such cases, as we stated recently in *Ford v. State*, 194 Ariz. 197, 200, ¶ 11, 979 P.2d 10, 13 (1999), we see more reason to encourage the State to comply with the law than to discourage prisoners from filing meritorious claims arising from the State's wrongdoing.

¶ 18 For the foregoing reasons, we conclude that a plaintiff's charging lien for reasonable attorneys' fees and costs takes priority over the State's setoff under A.R.S. § 31–238(D).

CONCLUSION

¶ 19 The State is entitled to apply its 80 percent setoff against the balance of the judgment that remains after Holly's reasonable attorneys' fees and costs are deducted. The judgment is vacated and the matter remanded for recomputation in accordance with this opinion.

CONCURRING: MICHAEL D. RYAN, Presiding Judge, WILLIAM F. GARBARINO, Judge.

