286 P.3d 1085

**STATE of Arizona, ex rel. David RABER, Plaintiffs/Appellees,**

v.

**HONGLIANG WANG, Defendant/Appellant.**

**No. 1 CA–CV 11–0560.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 6, 2012.

Jennings, Strouss & Salmon P.L.C. by Matthew L. Cates, Anne E. McClellan, Phoenix, Attorneys for Plaintiffs/Appellees.

Phillips Law Group, P.C. by Timothy G. Tonkin, Judd S. Nemiro, Phoenix, Attorneys for Defendant/Appellant.

## OPINION

HOWE, Judge.

¶ 1 Hongliang Wang appeals the trial court's grant of summary judgment in favor of the State of Arizona, ex rel. David Raber ("State") on its claim for reimbursement of medical costs. Wang argues the trial court erred in failing to apportion attorneys' fees under the common fund doctrine when determining the amount of the award. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Wang was hit by a car while riding his bicycle. He suffered injuries and received $15,758.26 of medical care and treatment paid for by State-sponsored health insurance for employees. Wang later settled his claim against the car's driver for $50,000. He incurred $16,666 in attorneys' fees and $250.85 in costs in obtaining the settlement.

¶ 3 The State sought reimbursement of $15,758.26 in medical costs from Wang's settlement and moved for summary judgment under Arizona Revised Statutes ("A.R.S.") section 12–962(A) (West 2012).[1] That statute allows the State to recover the reasonable value of medical care and treatment it has provided to a person injured from a third party's tortious conduct. The recovery is limited "to the extent that such person has received money in settlement of the claim or satisfaction of a judgment against the third party." A.R.S. § 12–962(B)(3).

¶ 4 Wang moved for summary judgment as well, arguing that the State was not entitled to recovery because it had not proved that it had directly paid for the medical care and because Wang's settlement included compensation for pain and suffering to which the State was not entitled. He alternatively argued that if the State was entitled to recover, the common fund doctrine should reduce any recovery by a pro-rata share of the attorneys' fees and costs he had incurred in obtaining settlement. Relying on *Arizona Department of Administration v. Cox*, 222 Ariz. 270, 213 P.3d 707 (App.2009), the court granted the State's motion for summary judgment for the full amount of its claim and declined to apportion Wang's attorneys' fees against the claim.

¶ 5 Wang timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A) and –2101(A)(1).

## DISCUSSION

¶ 6 Contrary to his position before the trial court, Wang concedes on appeal that the State has a right to recover medical costs pursuant to § 12–962(B)(3), but argues that the trial court erred by failing to reduce the State's award by a pro-rata share of his attorneys' fees and costs under the common fund doctrine. Because the underlying facts are undisputed, "we determine de novo whether the trial court[ ] correctly interpreted and applied the relevant substantive law." *Hobson v. Mid–Century Ins. Co.*, 199 Ariz. 525, 528, ¶ 6, 19 P.3d 1241, 1244 (App.2001). We find that the trial court properly declined to apply the common fund doctrine to reduce the State's award.

¶ 7 The common fund doctrine provides that a person who employs "attorneys for the preservation of a common fund may be entitled to have their attorney's fees paid out of that fund." *LaBombard v. Samaritan Health Sys.*, 195 Ariz. 543, 548, ¶ 22, 991 P.2d 246, 251 (App.1998). The doctrine (1) en-

---

1. We cite to the current version of applicable statutes when no revisions material to this decision have occurred.

sures fairness to the successful litigant, whose recovery may be consumed by the expenses of litigation; (2) prevents the unjust enrichment of others who benefit in the fund and should share the burden of recovery; and (3) encourages the attorney to diligently litigate a claim by ensuring payment of his or her fees. *Id.* at 549, ¶ 22, 991 P.2d at 252. Because the common fund doctrine is a rule of equity, however, it will not be applied if a statute precludes apportionment of attorneys' fees. *Id.*

¶ 8 Section 12–962 does not permit the apportionment of attorneys' fees and costs under Wang's circumstances. The State's reimbursement claim for the reasonable value of the medical care and treatment under § 12–962(A) is limited to the amount of money that the injured person has "received" in settlement of the tort claim that gave rise to the need for medical care and treatment. A.R.S. § 12–962(B)(3). Wang's attorneys' fees and costs were not "received" for purposes of § 12–962(B)(3) because they were deducted from the settlement before any funds were disbursed to him. *See Cox,* 222 Ariz. at 279, ¶¶ 36–37, 213 P.3d at 716 (holding that money received in settlement refers "to the injured person's net recovery after paying attorney fees and costs"; a client does not "receive" attorneys' fees under the statute because a lawyer has a claim to such fees "as soon as a settlement agreement is reached."); *see also* Black's Law Dictionary 1140 (5th ed. 1979) ("Receive" means to "take into possession and control; accept custody of collect.").

¶ 9 The Arizona Supreme Court has recognized that in a contingency fee arrangement, attorneys' fees are deducted from a judgment before any funds are disbursed to the client. *Linder v. Lewis, Roca, Scoville & Beauchamp,* 85 Ariz. 118, 123, 333 P.2d 286, 289 (1958). In *Linder,* a client hired a law firm to file a tort action and agreed to pay the firm a contingency fee of one-third of any judgment obtained against the tortfeasor. *Id.* The law firm obtained a judgment, and the client subsequently assigned his rights in the judgment to a third party. *Id.* at 121, 333 P.2d at 288. When the third party attempted to collect the judgment, the law firm

intervened to obtain payment of its attorneys' fees from the judgment before it was paid to the third party. *Id.* at 121–22, 333 P.2d at 288–89.

¶ 10 The issue on appeal was whether the law firm's right to obtain payment of its fees from the judgment was superior to the third party's right in the judgment. *Id.* at 123, 333 P.2d at 289. The Court found that the client had relied on the judgment itself to fund payment of the attorneys' fees, thereby creating a "charging lien" against the judgment; therefore, the client could not assign that portion of the judgment necessary to pay the attorneys' fees:

> Where an attorney has a charging lien against a fund, a portion to the amount of his claim belongs to the attorney and cannot be assigned by the judgment creditor, and whoever receives it under an assignment is, in justice, to be considered as holding to the attorneys' use and benefit.

*Id.*

¶ 11 Arizona cases since *Linder* have recognized that attorneys have a right superior to the client or other lien holders when the attorneys' efforts created the funds in dispute. *See, e.g., Langerman Law Offices, P.A. v. Glen Eagles at Princess Resort, LLC,* 220 Ariz. 252, 254, ¶ 9, 204 P.3d 1101, 1103 (App.2009) (recognizing the general rule that an attorney has priority over the client to funds "created by his efforts"); *Holly v. State,* 199 Ariz. 358, 360–61, ¶¶ 13–18, 18 P.3d 152, 154–55 (App.2001) (holding that an attorney's right to payment from a fund created through his efforts has priority over the State's rights to statutory setoffs for inmate costs).

¶ 12 Because the right of Wang's attorneys to payment of fees from the settlement was superior to Wang's interest in the settlement, the attorneys' fees were not included in the amount Wang received in settlement under § 12–962(B)(3). The fees were available neither to the State for recovery from Wang, nor to Wang for apportionment to the State.

¶ 13 Wang relies on *LaBombard* to argue that the common fund should apply to his case. In *LaBombard,* a hospital treated a person injured in a car accident. 195 Ariz. at

545, ¶ 4, 991 P.2d at 248. When the injured person received a settlement from the tortfeasor, the hospital successfully recovered its treatment costs from the injured person, relying on § 36–931(A), which establishes a lien on "all claims of liability or indemnity except health insurance for damages accruing to" the person who received treatment. *Id.* at 545–46, ¶¶ 5–10, 991 P.2d at 248–49. On appeal, the injured person claimed that the hospital's lien should be reduced by its share of the attorneys' fees under the common fund doctrine, and we agreed. *Id.* at 548, 551, ¶¶ 21, 32–33, 991 P.2d at 251, 254.

¶ 14 The difference between the hospital lien statute in *LaBombard* and § 12–962, however, demonstrates why apportioning the attorneys' fees under the common fund doctrine was appropriate in *LaBombard* but not appropriate in this case. Under § 36–931(A), a hospital is entitled to a lien for its treatment costs on "any and all claims of liability or indemnity . . . for damages accruing to the person." The lien thus attaches to the person's entire damage award. The State's right under § 12–962(A) to recover the reasonable value of the medical care it has provided, however, is limited by § 12–962(B)(3) "to the extent that [the] person has *received* money in settlement of the claim or satisfaction of a judgment." (Emphasis added.) As we have recognized, a person does not "receive" attorneys' fees under this statute. By limiting the State's recovery to the amount that Wang "has received in settlement" of his tort claim, § 12–962(B)(3) effectively removes litigation fees and costs from consideration. Because attorneys' fees are not included in the analysis, nothing exists in Wang's case to apportion under the common fund doctrine.

¶ 15 Nor are we persuaded by Wang's argument that *Cox* requires a different outcome. In *Cox*, the State sought recovery of $25,012 in medical costs from Cox because he received treatment through State-sponsored health insurance. 222 Ariz. at 272, 278, ¶¶ 2–3, 35, 213 P.3d at 709, 715. Cox settled his claim against the tortfeasor for $30,000, which after deducting attorneys' fees, left him with a net recovery of $21,746. *Id.* at 278, ¶ 35, 213 P.3d at 715. The State argued

that it was entitled to recover the full amount of its claim, $25,012. *Id.* We rejected that argument, reasoning that § 12–962(B)(3) limits the State's recovery to the amount that Cox had received, and because attorneys' fees are not included in that amount, Cox only received $21,746. *Id.* at 279, ¶¶ 36–37, 213 P.3d at 716.

¶ 16 Wang misconstrues dicta in *Cox* stating that this Court agreed "with the trial court's reliance on the 'common fund doctrine' as applied" in *LaBombard*. See *Cox*, 222 Ariz. at 279, ¶ 38, 213 P.3d at 716. In discussing the common fund doctrine, *Cox* did not apply the proportional apportionment formula in *LaBombard*, but addressed the equitable principles underlying the common fund doctrine as stated in that case. *See id.* The Court reasoned that allowing the State to recover the full amount of its claim would be "fundamentally unfair" when, after attorneys' fees are deducted from the settlement, Cox would have to pay out-of-pocket to reimburse the State. *Id.* at 279–80, ¶ 39, 213 P.3d at 716–17. This would not only result in a detriment to Cox, but it would unjustly enrich the State, which failed to pursue its own claim against the tortfeasor and would have had no recovery but for Cox's litigation. *Id.* at 279 n. 7, ¶ 39, 213 P.3d at 717 n. 7. The Court thus concluded that "both equitable principles and a sensible reading of the statutes favor imposing on [the State] a portion of [his] attorneys' fees and costs *by deducting those fees and costs from the settlement before determining the amount available to reimburse*" the State. *Id.* at 280, ¶ 40, 213 P.3d at 717 (emphasis added).

¶ 17 The equitable concerns underlying the common fund doctrine identified in *Cox* are not present in this case. Equity does not require reduction of the State's claim by a pro-rata share of Wang's attorneys' fees. Subtracting attorneys' fees from Wang's gross recovery guarantees his attorney payment and furthers the policy of encouraging diligent litigation of his claim against the third party. *See LaBombard*, 195 Ariz. at 549, ¶ 22, 991 P.2d at 252. Because Wang was never entitled to keep those fees, his recovery is not unfairly reduced. *See id.* Furthermore, Wang is not denied the benefit of his litigation because he still retains $17,325.03 in net recovery after the State is

reimbursed the full amount of medical costs. *See id.* The State is not unjustly enriched because it recovers its actual costs, and recovers only to the extent Wang received funds. *See id.* Wang has not denied that the State could have recovered its costs directly from the driver had Wang chosen not to settle, so the State is not keeping a benefit which it would not otherwise receive. *Cf. Cox,* 222 Ariz. at 279 n. 7, ¶ 39, 213 P.3d at 716 n. 7 ("Without [Cox's] litigation against the third party, ADOA would recover nothing" because the statute of limitations had run).

¶ 18 Wang also contends that A.R.S. § 36–596.01(I) requires a pro-rata apportionment of attorneys' fees. That statute requires the State to compromise a claim under § 12–962 if, after considering certain factors, compromise is "fair and equitable." Wang has waived this argument by raising it for the first time in his reply brief. *Anderson v. Country Life Ins. Co.,* 180 Ariz. 625, 636, 886 P.2d 1381, 1392 (App.1994). Even if the argument had not been waived, § 36–596.01(I) does not change our analysis because it requires the State to consider the equities of an injured party's case in determining whether to "compromise" its reimbursement claim, but it does not require compromise or a pro-rata apportionment of attorneys' fees. We thus find no error on this ground.

¶ 19 Both parties request attorneys' fees and costs on appeal pursuant to A.R.S. § 12–341.01(A). In the exercise of our discretion, we decline to award attorneys' fees and costs.

## CONCLUSION

¶ 20 Because attorneys' fees and costs are not included in the net amount Wang "received" from settlement under § 12–962(B)(3), the trial court did not err in refusing to apportion them under the common fund doctrine.

CONCURRING: MICHAEL J. BROWN, Presiding Judge and MARGARET H. DOWNIE, Judge.